### C. H. WISDOM v. THE STATE.

No. 1904.  Decided November 9, 1898.

</div>

**Fraudulent Disposition of Mortgaged Property.**

See opinion for facts stated which are held amply sufficient to support a judgment
of conviction for a fraudulent disposition of mortgaged property.

APPEAL from the District Court of Denton.  Tried below before Hon.
D. E. BARRETT.

Appeal from a conviction for fraudulently disposing of mortgaged
property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of selling mortgaged
property with intent to defraud John P. London, and given two years in
the penitentiary; hence this appeal.

The record does not contain an assignment of error, and the only
ground of the motion for a new trial is based upon the supposed insuffi-
ciency of the evidence to suport the verdict and judgment.  It is undis-
puted that the defendant bought a buggy and harness from London for
$80, and gave him a mortgage upon said buggy and harness for that
amount.  This mortgage was executed on May 6, 1898, and was due on
the 1st of the following August.  It is also undisputed that he disposed
of the buggy on the 20th of May, 1898.  Roark, the purchaser of the
buggy from the defendant, testified that, at the time he purchased it,
appellant told him he had paid $80 in cash for it.  Letters written by the
defendant were also introduced in evidence, and the statements therein

were shown to be false, and all statements and conduct of the defendant showed evidently a purpose to defraud. He denied making the statement to Roark that he had paid $80 in cash for the buggy; but still it is unquestioned that he bought the buggy and harness, and executed the mortgage upon it, due on the 1st of August, and that on the 20th of May, within three weeks from the date of his purchase, he disposed of the property. And the evidence further places it beyond question that it was done for the purpose of defrauding. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.